# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Howard Johnson International, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-02616-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kruti Enterprises, LLC, Yoochun Won, ) | |
| and Shin Seo, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Defendant Shin Seo's Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). After considering the Complaint and supporting legal memoranda, the Court denies Defendant Shin Seo's Motion.

## BACKGROUND

This case arises out of Plaintiff Howard Johnson International, Inc.'s ("HJI" or "Plaintiff") claims against Defendant Kruti Enterprises, LLC ("Kruti Enterprises") for breach of a License Agreement and claims against Defendants Shin Seo and Yoochun Won for default under the terms of a Guaranty related to the Agreement.

Plaintiff alleges that Kruti Enterprises, a limited liability company organized and existing pursuant to the laws of the State of South Carolina, and HJI, a large guest lodging franchise system in the United States, entered into a License Agreement for the operation of a 148-room hotel located in Charleston, S.C. HJI alleges multiple causes of action against Kruti Enterprises

stemming from the alleged breach of that License Agreement. *See* Comp. ¶¶ 33-52 (First, Second, and Alternative Causes of Action).

In addition to its claims against Kruti Enterprises, HJI asserts one cause of action against Defendants Shin Seo and Yoochun Won. *See* Comp. ¶¶ 53-60 (Fourth Cause of Action). Specifically, HJI alleges that "[i]n consideration of the License Agreement and in order to induce HJI to enter into the License Agreement, the Defendants [Yoochun] Won and [Shin] Seo each executed a Guaranty dated June 21, 2007." Comp. ¶ 23. HJI attached to the Complaint a copy of the Guaranty bearing what purports to be both Shin Seo and Yoochun Won's signatures. HJI claims that "[p]ursuant to the Guaranty, Defendants [Yoochun] Won and [Shin] Seo jointly and severally, irrevocably, and unconditionally guaranteed that Defendant Kruti's obligations under the License Agreement, including any amendments, would be punctually paid and performed." Comp. ¶ 55. HJI further claims it "has declared the liquidated damages and outstanding fees and charges due and payable . . . but said Defendants [Yoochun] Won and [Shin] Seo have refused to pay, and therefore are in default under the terms of the Guaranty." Comp. ¶ 57. HJI seeks a judgment against Defendants Yoochun Won and Shin Seo for "all damages, liquidated damages, royalties, profits, and other amounts owing by Defendant Kruti to HJI." Comp. ¶ 60.

## **STANDARD OF REVIEW**

When personal jurisdiction is challenged by the defendant, the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). When a court addresses the issue of jurisdiction on the basis of pleadings and supporting legal memoranda without an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a jurisdictional basis in order to survive the jurisdictional challenge."

*Combs v. Bakker*, 886 F.2d 673, 675 (4th Cir. 1989). In deciding such a motion, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id*. at 676. *See also Precept Med. Products, Inc. v. Klus*, 282 F. Supp. 2d 381, 385 (W.D.N.C. 2003) ("[F]or the purposes of a Rule 12(b)(2) motion, the Court will accept the Plaintiff's version of disputed facts.").

## ANALYSIS

Defendant Shin Seo, a citizen and resident of Duval County, Florida, moves to dismiss the Complaint against him on the grounds that he lacks sufficient minimum contacts with the State of South Carolina to justify the exercise of personal jurisdiction by this Court. Defendant Shin Seo's sole argument that this court lacks personal jurisdiction is factual. He does not argue that a signed agreement guaranteeing the obligations of a South Carolina limited liability company would not subject the guarantor to the jurisdiction of this Court. Instead, he maintains "that the signature upon which the Plaintiff has attempted to assert liability against him is a forgery, and that he had not conducted any meaningful activity with the State of South Carolina, so that the exercise of *in personam* jurisdiction against him would violate the due process clause of the United States Constitution." Def's Mem. in Supp. of Mot. to Dismiss 1; *See also* Aff. of Shin Seo ¶¶ 6-7 (stating that he never "executed or agreed to any guaranty of the obligations of Kruti Enterprise, LLC" and that he "did not sign that document, and the signature reflected on that document is not [his] signature").

When ruling upon a Motion to Dismiss, the Court looks at Plaintiff's allegations and determines whether Plaintiff has pled facts sufficient to make a prima facia showing of personal

jurisdiction. *See Nutra Mfg., Inc. v. Pharmline, Inc.,* No. Civ.A. 6:05-431, 2005 WL 2837519 (D.S.C. Oct. 27, 2005) ("The Court views [Plaintiff's] allegations as true for purposes of this Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction.") (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). In this case, HJI has alleged that "[i]n consideration of the License Agreement and in order to induce HJI to enter into the License Agreement, the Defendants [Yoochun] Won and [Shin] Seo each executed a Guaranty dated June 21, 2007." Comp. ¶ 23. Additionally, HJI has attached the document containing the Guaranty which purports to be signed by both defendants. *See* Comp. Ex. 3.

Plaintiff's allegations regarding Defendant Shin Seo as a co-guarantor are sufficient to make a prima facie showing of a jurisdictional basis. Additionally, as factual disputes are resolved in favor of Plaintiff at this stage, Defendant Shin Seo's argument that he is not subject to personal jurisdiction because he did not sign the Guaranty fails despite his sworn affidavit stating that the signature is a forgery.

## CONCLUSION

Therefore, it is **ORDERED**, for the forgoing reasons, Defendant's Motion to Dismiss is denied.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 27, 2011**
**Charleston, SC**